RE: INFORMAL OPINION REQUEST CONCERNING OVERTIME FOR CLERKS MAKING RECORDS CHECKS
YOU ASKED, IN EFFECT, WHETHER THE OKLAHOMA STATE BUREAU OF INVESTIGATION MAY PAY OVERTIME WAGES TO NON-EXEMPT EMPLOYEES WHICH OCCUPY POSITIONS NOT SPECIFICALLY DELINEATED IN SECTION 43 OF HOUSE BILL 2328, LAWS C. 258, 1990.1
PRELIMINARILY, IT IS IMPORTANT TO NOTE THAT THE POLICY OF THE STATE OF OKLAHOMA AS SET OUT IN POLICY GUIDELINES: FAIR LABOR STANDARDS ACT, OFFICE OF PERSONNEL MANAGEMENT, APRIL 1990, IS THAT "ANY OVERTIME WORK NECESSARY TO THE CONTINUED EFFECTIVE OPERATIONS OF THE STATE SHALL BE MANAGED IN THE MOST EFFICIENT AND ECONOMICAL MANNER POSSIBLE." ACCORDINGLY, WHETHER OVERTIME WAGES SHOULD OR COULD BE AUTHORIZED, IS DEPENDANT UPON FACTUAL MATTERS WITHIN THE EXPERTISE OF YOUR AGENCY AND WHICH CANNOT BE ADDRESSED BY THIS LETTER OPINION.
SECTION 43 OF HB 2328 STATES:
 "OF THE MONIES APPROPRIATED (FOR PERSONAL SERVICES AND OTHER OPERATING EXPENSES, A MINIMUM OF FIFTY THOUSAND DOLLARS ($50,000.00) SHALL BE USED TO PAY ACCRUED OVERTIME OF EMPLOYEES CLASSIFIED AS AGENT I, AGENT II, CRIMINALIST I, CRIMINALIST II OR SENIOR CRIMINALIST."
SECTION 46 REQUIRES THE STATE AUDITOR AND INSPECTOR TO AUDIT THE AGENCY WITH SPECIAL ATTENTION TO THE OVERTIME COMPENSATION RECORDS. SECTION 47 REQUIRES THE OFFICE OF PERSONNEL MANAGEMENT TO CONDUCT POSITION AUDITS, ALSO GIVING SPECIAL CONSIDERATION TO POSITIONS WHICH MAY RECEIVE OVERTIME COMPENSATION.
SECTION 43 IS WORDED RATHER AWKWARDLY AND COULD PERHAPS BE READ IN DIFFERENT WAYS. IT MIGHT BE READ AS SETTING THE MINIMUM AMOUNT OF OVERTIME COMPENSATION TO BE SPENT ON THE NAMED CLASSES, REQUIRING THOSE PERSONS TO RECEIVE AT LEAST THAT AMOUNT OF OVERTIME COMPENSATION AS A MINIMUM. IT ALSO CAN BE READ AS SETTING THE MINIMUM AMOUNT OF THE APPROPRIATION THAT CAN BE SPENT FOR OVERTIME COMPENSATION ON THESE CLASSES OF EMPLOYEES.
THE LATTER READING WOULD APPEAR MORE APPROPRIATE, SINCE THE OTHER READING WOULD SEEM TO REQUIRE THAT OVERTIME BE PAID. THERE IS NO OTHER LANGUAGE IN THE ACT TO SUGGEST THAT THE LEGISLATURE DESIRES OVERTIME BE PAID BY YOUR AGENCY. IN FACT, CONSIDERING SECTIONS 46 AND 47, IT APPEARS THAT THE LEGISLATURE IS CONCERNED ABOUT INSURING THAT ONLY NECESSARY OVERTIME COMPENSATION IS BEING PAID. SECTIONS 46 AND 47 INSTRUCT TWO SEPARATE AGENCIES TO INVESTIGATE THE OVERTIME COMPENSATION PRACTICES AT THE AGENCY AND MAKE REPORTS ON THEIR INVESTIGATIONS.
SECTION 43 MUST BE READ WITH AN EYE TO THE LEGISLATIVE INTENT AND INTERPRETED TO PRODUCE REASONABLE RESULTS WHICH PROMOTE THE GENERAL PURPOSE AND POLICY OF THE LAW. SEE E.G., PHELPS V. STATE, 598 P.2D 254 (OKL. CR. 1979) AND POAFPYBITTY V. SKELLY OIL COMPANY, 394 P.2D 515 (OKL. 1964). ACCORDINGLY, CONSIDERING THE CONCERNS WITH OVERTIME COMPENSATION, SECTION 43 MUST BE READ AS A LEGISLATIVE LIMIT ON THE AMOUNT OF OVERTIME THAT MAY BE PAID TO THE FIVE SPECIFIED TYPES OF CLASSIFIED POSITIONS DURING THE FISCAL YEAR.
YOUR QUESTION ASKS WHETHER THE LIMIT ON THE FIVE SPECIFIC CATEGORIES OF EMPLOYEES PROHIBITS OVERTIME FOR ANY OTHER NON-EXEMPT EMPLOYEES. TO ANSWER YOUR QUESTION, IT APPEARS THAT THE LEGISLATURE DID NOT INTEND TO LIMIT ALL OVERTIME, BUT MERELY THE OVERTIME THAT MAY BE PAID EMPLOYEES THAT OCCUPY THE FIVE SPECIFIED CLASSIFICATION.
SECTION 41 SETS OUT THE AMOUNT OF APPROPRIATIONS SUBDIVIDED INTO TWO GROUPINGS; PERSONAL SERVICES AND OTHER OPERATING EXPENSES. THE NEXT SECTION, SECTION 42, PROVIDES SPECIFIC BUDGETARY LIMITATIONS AND DIVIDES THE FUNDING SPECIFIED IN SECTION 41 INTO FURTHER GROUPINGS: PAYROLL, SALARIES, OR WAGES . . ., PROFESSIONAL AND PERSONAL SERVICES CONTRACTS, LEASE PURCHASE AGREEMENTS, PURCHASE OF EQUIPMENT, EXPENDITURE OF FEDERAL FUNDS AND EXPENDITURE OF REVOLVING FUNDS.
SECTION 43, BY LIMITING THE AMOUNT OF OVERTIME FUNDS AVAILABLE TO THE FIVE LISTED CLASSES OF EMPLOYEE, PLACES ONE MORE RESTRICTION ON THE FUNDING ALLOWED UNDER SECTION 41.
THERE IS NOTHING IN THIS LANGUAGE, HOWEVER, THAT WOULD INDICATE THAT THE LEGISLATURE WAS ATTEMPTING TO LIMIT OR PREVENT OVERTIME COMPENSATION FOR OTHER NON-EXEMPT EMPLOYEES. SECTION 42 SPECIFICALLY NOTES THAT "(T)HE DUTIES AND COMPENSATION OF EMPLOYEES . . . NECESSARY TO PERFORM THE DUTIES IMPOSED UPON THE OKLAHOMA STATE BUREAU OF INVESTIGATION BY LAW HALL BE SET BY THE DIRECTOR." (EMPHASIS ADDED.)
ACCORDINGLY, IT IS CONCLUDED THAT THE LIMITATION ON OVERTIME COMPENSATION FOR FIVE TYPES OF CLASSIFIED OSBI EMPLOYEES AS SET FORTH IN SECTION 43 OF HB 2328 WOULD NOT NECESSARY PROHIBIT OVERTIME COMPENSATION FOR OTHER EMPLOYEES. THAT SUCH OVERTIME WAS "NECESSARY TO THE CONTINUED EFFECTIVE OPERATIONS OF THE STATE" AND "MANAGED IN THE MOST EFFICIENT AND ECONOMICAL MANNER POSSIBLE." (STATE EMPLOYEES/BACKGROUND CHECKS)
(GUY L. HURST)